UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN WALTON | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| P.O. RAY WINKLER, Star No. 19163; | ) | |
| P.O. JONATHAN KLIER, Star No. 3068; | ) | |
| P.O. MATTHEW SCHALLER, Star No. 2083; | ) | |
| P.O. PATRICK KIRWAN, Star No. 6488; | ) | |
| P.O. JOSEPH DINANNO, Star No. 6621 | ) | |
| CITY OF CHICAGO | ) | |
| | ) | Trial By Jury Demanded |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COMES the Plaintiff, Ivan Walton, by and through his attorney, David S.

Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Ray

Winkler, Star No. 19163; Police Officer Jonathan Klier, Star No. 3063; Police Officer Matthew

Schaller, Star No. 2083; Police Officer Patrick Kirwan, Star No. 6488; Police Officer Joseph

DiNanno, Star No. 6621; and City Of Chicago, states as follows:

JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983

and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress

deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the

Defendants and committed under color of law.

2.      This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and

§1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

PARTIES

4.     Plaintiff Ivan Walton ("Mr. Walton") is a resident of the City of Chicago, County of Cook, State of Illinois.

5.     At all relevant times herein referenced, Defendant Officer Ray Winkler, Star No. 13163 ("Officer Winkler"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Winkler was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.     At all relevant times herein referenced, Officer Jonathan Klier, Star No. 3068 ("Officer Klier"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Klier was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.     At all relevant times herein referenced, Police Officer Matthew Schaller, Star No. 2083 ("Officer Schaller"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Schaller was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8.     At all relevant times herein referenced, Police Officer Patrick Kirwan, Star No. 6488 ("Officer Kirwan"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer

Kirwan was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9.    At all relevant times herein referenced, Police Officer Joseph DiNanno, Star No. 6621 ("Officer DiNanno"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer DiNanno was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10.    At all relevant times herein referenced, Defendant, City of Chicago, was and remains a governmental entity formed pursuant to the laws of the State of Illinois.  Officer Winkler, Officer Klier, Officer Schaller, Officer Kirwan, and Officer DiNanno ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

FACTS

11.    On February 6, 2021, Mr. Walton was riding in a car with three friends near 108 E. Superior Street, Chicago, Illinois.

12.    The Defendant Officers performed a traffic stop on the vehicle.

13.    Mr. Walton cooperated during the traffic stop and followed all instructions.

14.    During the traffic stop, the officers became aware of lawfully held firearms in the vehicle.

15.    Nonetheless, the Defendant Officers were determined to arrest one of the four individuals, despite the lack of probable cause.

16.     The Defendant Officers are heard on body worn camera audio stating "who should we arrest?"

17.     The Defendant Officers, chose to arrest Mr. Walton for the possession of the firearm, despite the lack of probable cause.

18.     Mr. Walton was not the owner of the firearm.

19.     Mr. Walton had committed no crimes.

20.     Mr. Walton was incarcerated and prosecuted for this false arrest.

21.     Mr. Walton prevailed in the criminal case prosecuted against him.


COUNT I
42 U.S.C. § 1983 FALSE ARREST, UNLAWFUL SEARCH & SEIZURE
AGAINST DEFENDANT OFFICERS

22.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 21.

23.     Defendant Officers did not have probable cause to arrest the Plaintiff.

24.     The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

25.     The Plaintiff suffered loss of liberty, unlawful detention and other damages.

WHEREFORE, the Plaintiff, Ivan Walton, prays for judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

26.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

27.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28.     At all times relevant to this incident, Defendants, Officer Klier, Officer Winkler, Officer Schaller, Officer Kirwan, and Officer DiNanno were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff prays that should this Court enter judgment in his favor and against the Defendant Officers, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

IVAN WALTON


/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz, Atty. No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

5
